HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| METROPOLITAN CASUALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD J. BIRMINGHAM, et al.,<br><br>    Defendants. | CASE NO. C09-726RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on cross-motions for summary judgment (Dkt. ## 23, 27). The court has considered the parties' briefing and supporting evidence, and has heard from the parties at oral argument. For the reasons explained below, the court GRANTS Plaintiff's motion (Dkt. # 23) and DENIES Defendants' motion (Dkt. # 27).

## II. BACKGROUND

Plaintiff Metropolitan Casualty Insurance Company ("MetLife") filed this declaratory judgment action seeking a ruling that MetLife did not have a duty to defend or indemnify its insureds, Defendants Richard and Jeanne Birmingham, against counterclaims asserted against them in King County Superior Court by Douglas and Susan Wake.

ORDER – 1

In the underlying King County action, the Birminghams requested a declaratory ruling establishing the boundary line between the Birminghams' and the Wakes' property in the Laurelhurst neighborhood of Seattle.  The predecessor owners to the lots owned by the Birminghams and the Wakes had agreed to treat a fence as the boundary line, but after that fence was removed, the boundary line was again in dispute.  In addition to a declaratory ruling regarding the boundary line, the Birminghams requested an order to quiet title in the disputed land in themselves, and an order restraining the parties from performing any activities (such as pruning or constructing/destroying fences) in relation to the disputed property.  *See* Vacha Decl. (Dkt. # 22), Ex. A (the Birminghams' second amended complaint).  The Wakes asserted counterclaims, requesting an order quieting title in themselves and providing other injunctive relief, and raising claims for breach of contract, trespass, and interference with property rights.  *See* Vacha Decl., Ex. B (the Wakes' Answer/Counterclaims).

The Birminghams tendered the Wakes' counterclaims to MetLife, under their homeowners' insurance policy, which states in relevant part:

> We will pay all sums for bodily injury, property damage and personal injury to others for which the law holds you responsible because of an occurrence to which this coverage applies. . . .
> We will defend you, at our expense with counsel of our choice, against any suit seeking these damages.  We may investigate, negotiate, or settle any suit.  We are not obligated to defend any claim or suit seeking damages not covered under this policy.

Vacha Decl., Ex. E.  "Property damage" is defined as "physical damage to or destruction of tangible property, including loss of use of this property."  *Id*.  The policy's definition of "personal injury" includes "injury arising out of . . . wrongful eviction from or wrongful entry into, or invasion of the right of privacy occupancy of a room, dwelling or premises that a person occupies, committed by or in behalf of its owner, landlord or lessor."  *Id*.  "Occurrence" is defined as "an accident, including continuous or repeated

ORDER – 2

exposure to substantially the same general harmful conditions during the term of the policy." *Id.*

MetLife initially denied that the Wakes' counterclaims were covered under the Birminghams' policy, but eventually decided, "out of an abundance of caution," to provide a defense subject to a reservation of rights. But the Birminghams had hired private counsel to represent them in the underlying action, and that suit was eventually settled before trial. The Birminghams requested that MetLife pay their legal fees, but MetLife refused. MetLife then filed this declaratory judgment action seeking a judicial opinion as to whether MetLife had a duty to defend the Birminghams against the Wakes' counterclaims. MetLife and the Birminghams have cross-moved for summary judgment on that issue.

### III.   ANALYSIS

**A.   Standard of Review on Summary Judgment.**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets that initial burden, the opposing party must then set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

ORDER – 3

**B. The Wakes' Counterclaims Do Not Trigger Coverage Under the MetLife Policy Because They Do Not Allege Property Damage or Personal Injury as Defined by the Policy.[1]**

The parties agreed in their briefing and reiterated at oral argument that no factual disputes preclude summary judgment. The parties' dispute centers on whether the Wakes' Answer/Counterclaims allege facts that support coverage under the policy for an occurrence of "property damage" or "personal injury," as those terms are defined by the policy.

According to the Birminghams, the Wakes' counterclaims are covered by the MetLife policy as claims for either "property damage" or "personal injury." At oral argument, the court asked the Birminghams which allegations in the Wakes' counterclaims they believed supported coverage, and counsel identified paragraphs 43, 44, and 46. Those paragraphs read as follows:

> 43. [The Birminghams] have trespassed onto the Wakes' property.
> 44. The trespasses have caused damages to the Wakes in an amount to be proven at trial.
> 46. Plaintiffs have interfered with Wakes' right to quiet enjoyment and use of their property.

Vacha Decl., Ex. B. The court will consider whether these allegations trigger coverage as "property damage" or as "personal injury."

**1. The Wakes' Allegations of Trespass Do Not Imply Property Damage.**

At oral argument, the Birminghams argued that the Wakes' trespass claim is covered by the policy because of its ambiguity: because some types of trespass involve property damage, and the Wakes alleged they were damaged in some way by the Birminghams' trespass, MetLife should have liberally construed the trespass allegations

---

[1] MetLife alternatively argued that coverage is not triggered because none of the Wakes' allegations describe conduct that — assuming it resulted in alleged property damage or personal injury — could be considered "an occurrence" under the policy. Because the court concludes that the Wakes' counterclaims do not allege either property damage or personal injury, the court will not address MetLife's alternative argument.

ORDER – 4

to imply property damage, or investigated the trespass due to ambiguity. *See Unigard Ins. Co. v. Leven*, 97 Wn. App. 417, 425 (1999) ("In Washington, an insurer's duty to defend an action brought against its insured arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability on the insured within the policy's coverage.").

The Birminghams' argument requires the court to go beyond a liberal construction, however — because there are no allegations in the Answer/Counterclaims suggesting that the Birminghams caused any physical damage or destruction to tangible property. While it is true that some trespasses can result in damage to tangible property, it is also true that some trespasses do not. Thus, a bare allegation of trespass, with no factual allegations suggesting physical damage or destruction to tangible property, does not trigger coverage under the "property damage" provision.

Though the Birminghams point to allegations in their own Complaint that could suggest physical damage to tangible property (i.e., the allegations related to the Birminghams' construction of the fence on property the Wakes believed they owned), the court finds this argument unavailing because the Wakes did not mention the fence in their Answer/Counterclaims. It does not matter that the *Birminghams'* claims against the Wakes were, to some degree, based on the construction of the fence. That the Birminghams alleged facts related to the fence construction in their own complaint does not imply that the Wakes' claims were based on that event. In general, an insurer need only look to the face of a claim against its insured to determine its duty to defend. *See R.A. Hanson Co., Inc. v. Aetna Ins. Co.*, 26 Wn. App. 290, 293 (1980). Thus, because the Wakes did not make any allegations related to the Birminghams' construction of the fence in their Answer/Counterclaims, the allegations in the Birminghams' complaint cannot form the basis of the Wakes' claims.

ORDER – 5

The Birminghams contend that MetLife should have investigated the factual basis for the trespass claim, even if the face of the claim itself did not allege physical damage, because the use of the term "trespass" is ambiguous because *some* trespasses result in property damage. But the fact different types of damages can result from a trespass does not mean the term itself is ambiguous. "Trespass" is defined as:

> 1. An unlawful act committed against the person or property of another; esp. wrongful entry on another's real property.
> 2. At common law, a legal action for injuries resulting from an unlawful act of this kind.

BLACK'S LAW DICTIONARY (8th ed. 2004). Nothing in that definition suggests any ambiguity. Though a claim's use of ambiguous terms may obligate an insurer to investigate further before concluding that coverage is not triggered, this is not such a case because "trespass" is not an ambiguous term. *See R.A. Hanson*, 26 Wn. App. at 294-95 ("A second exception to the general rule arises when the allegations of the complaint are ambiguous or inadequate."). There were no allegations in the Wakes' counterclaims that suggested that the Wakes were alleging a trespass that caused physical damage to tangible property. Thus, this is not a situation where the ambiguity exception applies, because none of the allegations were ambiguous. *See R.A. Hanson*, 26 Wn. App. at 294 ("[If a complaint's allegations are ambiguous or inadequate,] [t]hen facts which might give rise to potential liability must be investigated."). Therefore, the court concludes that MetLife did not have a duty to defend based on the policy's property damage provision, because even construing the counterclaims' liberally, the Wakes did not allege any physical damage or destruction to tangible property.[2]

---

[2] Although the parties' briefing contained some discussion of how the court should construe the second half of the policy's definition of "property damage" — "loss of use of this property" — at oral argument the court asked the Birminghams to identify which allegations would support coverage under the "loss of use" clause. The Birminghams pointed to the Wakes' allegation that the Birminghams interfered with their use of the property, and argued that that allegation could have been based on physical damage to tangible property. But, as the court has explained in this section, none of the Wakes' allegations actually suggest such damage.

ORDER – 6

## 2. The Wakes' Allegations of Trespass Do Not Imply Personal Injury.

Next, the Birminghams argue that the Wakes' trespass allegations support a claim for personal injury due to the allegation that the Birminghams interfered with the Wakes' "use of their property." Vacha Decl., Ex. B ¶¶ 46-47. According to the Birminghams, this type of injury falls under the policy's definition of personal injury: ". . . invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or in behalf of its owner, landlord or lessor." Vacha Decl., Ex. E.

But the Birminghams' argument ignores the second part of that definition: "committed by or in behalf of its owner, landlord or lessor." When asked at oral argument how the Birminghams could be accused of both invading the Wakes' right to private occupancy, and, at the same time, have committed that invasion "by or in behalf of its owner, landlord or lessor," the Birminghams again referred to the construction of the fence. The Birminghams explained that — assuming that the disputed property was actually owned by the Birminghams, though the Wakes believed it to be theirs — when the Birminghams constructed their fence, they were doing so as owners of the property, even though the Wakes believed that it was their property and that the Birminghams' conduct was therefore interfering with their rights. But this tortured explanation fails because there is no suggestion in the Wakes' counterclaims that the Wakes objected to the Birminghams' construction of the fence; the fence is not even mentioned in the Answer/Counterclaims.

Because the Birminghams' argument regarding personal injury depends on allegations not included in the Wakes' Answer/Counterclaims, the court finds that the claims against the Birminghams do not allege facts that would impose liability within the MetLife policy. Therefore, the court concludes that MetLife did not have a duty to defend based on the policy's personal injury provision.

ORDER – 7

### III.  CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion (Dkt. # 23) and DENIES Defendants' motion (Dkt. # 27).

DATED this 13th day of August, 2010.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 8